1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| NATASHIA IONE THOMAS, | No.  2:19-CV-1774-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

17

18            Plaintiff, who is proceeding with retained counsel, brought this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Final judgment has been entered.  Pending before the Court is Plaintiff's counsel's motion for an

21   award of fees under the Equal Access to Justice Act (EAJA), ECF No. 28, Defendant's

22   opposition, ECF No. 29, and Plaintiff's reply, ECF No. 30.  Counsel seeks an award of

23   $14,398.97 at an attorney rate of $207.78 per hour and a paralegal rate of $130.00 per hour for

24   work performed on this case through this Court's remand order.  See ECF No. 28.  Counsel seeks

25   an additional award of $4,155.60 at the attorney rate for counsel's time spent in connection with

26   the pending fee motion, review of Defendant's opposition thereto, and preparation of the reply

27   brief.  See ECF No. 30.  Counsel seeks a total award of $18,554.57.

28   / / /

# I.  STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes.  See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995).  Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569.  No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).  The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v. Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").  The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested.  See Hensley, 461 U.S. at 433, 436-47.  The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation."  Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).  A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced.  See id.

Finally, fees awarded under the EAJA are payable directly to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II.  DISCUSSION

The Commissioner argues that Plaintiff should not receive any fees under the EAJA because: (1) the government's positions were substantially justified; and (2) because special circumstances surrounding Plaintiff's professionalism should preclude the award of fees. In the alternative, the Commissioner argues that Plaintiff's counsel should receive reduced fees because the amount is unreasonable.

### B.    Substantial Justification

The Commissioner contends that the government's positions were substantially justified regarding: (1) the ALJ's failure to discuss Listing 1.02; (2) the ALJ's evaluation of Plaintiff's symptom allegations; and (3) the ALJ's evaluation of lay witness evidence.  See ECF No. 29, pg. 4.

/ / /

3

1                     1.       Failure to Consider Listing 1.02

2           This Court found that the ALJ had failed to consider whether Plaintiff's

3 impairments met or equaled Listing 1.02 at Step 3 of the disability analysis.  See ECF No. 26, 9-

4 10.  The Commissioner argues that because the agency physicians considered the listing, but did

5 not recommend the listing, the ALJ was not obligated to discuss the listing.  However, this Court

6 found that the failure to consider Listing 1.02 flowed from the ALJ's error at Step 2, when the

7 ALJ did not find a more than non-severe impairment of Plaintiff's knee.  See id.  ("The ALJ,

8 however, did not consider this listing, likely because the ALJ concluded at Step 2 that Plaintiff's

9 knee impairment was not severe. Given that Court's finding above that the ALJ erred at Step 2

10 regarding the severity of Plaintiff's knee impairment, the ALJ also erred at Step 3 in failing to

11 consider Listing 1.02 in the context of Plaintiff's knee impairment").  Because the failure to

12 consider the listing was a product of a different error (that Defendant does not challenge), the

13 ALJ's position was not substantially justified.

14                     2.       Evaluation of Symptom Allegations

15           This Court also found that the ALJ was insufficiently clear in identifying which

16 parts of Plaintiff's testimony they were discounted, and why.  See ECF No. 26, 14.  The ALJ

17 started with boilerplate language that not all of Plaintiff's allegations are supported by the

18 medical evidence.  See CAR 23.  The ALJ then discussed the medical evidence, as well as

19 Plaintiff's credibility generally.  See id. 23-27.  The ALJ did not specifically reference what parts

20 of Plaintiff's testimony were found credible and which parts were found not credible.  See id.

21 The ALJ also does not point to what evidence specifically attacks which parts of Plaintiff's

22 testimony, except for pointing to Plaintiff's drug use and recorded desire to receive benefit,s as

23 generally attacking her credibility.  See id. 24-25.

24           The Commissioner is correct that ALJs need not "perform a line-by-line exegesis

25 of the claimant's testimony."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).  However,

26 the ALJ must still "do more than was done here, which consisted of offering non-specific

27 conclusions that [Plaintiff's] testimony was inconsistent with her medical treatment."  Id.  Even

28 "'providing a summary of medical evidence . . . is not the same as providing clear and convincing

1   *reasons* for finding the claimant's symptom testimony not credible.'" Id. at 1278 (quoting

2   Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015)) (emphasis in original).  Because the

3   ALJ did not provide such clear and convincing reasons, the ALJ's position was not a correct

4   application of the law, was in violation of applicable regulations, and the government was not

5   substantially justified on issue.

6                          3       Evaluation of Lay Witness Evidence

7                  Finally, this Court found that the ALJ had not been sufficiently clear in rejecting

8   Plaintiff's lay witness evidence.  See ECF No. 26, 42-43.  Here the ALJ provided no explanation

9   for rejecting the lay witness testimony except for the general statement that her report is not

10  consistent with the medical opinion evidence.  This contravenes the law of this circuit.  See Lewis

11  v. Apfel, 234 F.3d 503, 511 (9th Cir. 2001) (holding that lay testimony may not be rejected absent

12  "reasons germane to each witness for doing so").  Because there was no explanation of which

13  parts of the lay witness testimony are not credible or why, the government's position was not

14  substantially justified.

15          **B.      Special Circumstances**

16                  Defendant contends that Plaintiff's unprofessional argumentation in their brief

17  constitutes a special circumstance that should preclude the shifting of fees.  In support of this

18  contention, Defendant cites to United States v. First Nat'l Bank, 732 F.2d 1444 (9th Cir. 1984).

19  That court held that factors to be considered as special circumstances could include "whether

20  counsel's attitude and approach to the issues were inappropriate, and whether counsel . . .

21  unnecessarily protracted the proceedings by unwarranted discovery or other unprofessional

22  delay." Id. at 1448.  However, special circumstances were not dispositive in that case, and the

23  court gave no further elaboration on how to weigh those factors.  The limited case law on this

24  issue places a high bar on the complete denial of attorney's fees for unprofessional conduct.  See

25  Meyler v. Comm'r of Soc. Sec., 2008 U.S. Dist. LEXIS 51684, *5-9 (D.N.J. 2008) (awarding

26  reduced fees, even when plaintiff's original brief was struck for incendiary language), Torres v.

27  Saul, 2020 U.S. Dist. LEXIS 142342, *8-9 (D.N.J. 2008) (awarding fees because objectionable

28  attorney conduct that was not duplicitous did not constitute special circumstances to withhold

                                                    5

1   fees).

2          While this Court has admonished Plaintiff's counsel for his lack of professionalism

3   in this and other actions, and while similar future argumentation may be met with sanctions,

4   Defendants have not shown the type of intentional dishonesty that would result in the complete

5   non-payment of fees.  Therefore, fees should not be withheld due to special circumstances.

6          **C.**     **Reasonableness of Fees**

7          Defendant argues that Plaintiff's counsel has asked for unreasonable fees.

8   Specifically, Defendant points to: (1) the length of Plaintiff's brief as being excessive; (2)

9   Plaintiff's counsel's unpersuasive and unprofessional arguments; and (3) duplicative work.  This

10  Court also discusses the reasonableness of the rate requested for counsel's paralegal.  As a

11  preliminary matter, this Court recognizes that Mr. Weems has already declined to bill for

12  approximately one third of his hours and has otherwise discounted his requested fees by 15%.

13  See ECF No. 28, 15.  Regardless, this Court analyzes the requested fees for reasonableness on

14  their own, not in light of what could have been requested.

15          1.     Excessive Length of Plaintiff's Brief

16         The Commissioner points to the 54-page length of the Plaintiff's briefing as an

17  excessive "kitchen-sink" brief that necessitates fee reduction.  See ECF No. 29, 10.  Here, a

18  review of Plaintiff's counsel's invoice for this case reflects that counsel spent 38.8 hours drafting

19  Plaintiff's brief.  See ECF No. 28-2, 3-4.

20         The Court may "'reduce the amount to be awarded . . . to the extent that the

21  prevailing party during the course of the proceedings engaged in conduct which unduly and

22  unreasonably protracted the final resolution of the matter in controversy.'"  Comm'r v. Jean, 496

23  U.S. 154 (1990) (quoting 28 U.S.C. § 2412(d)(2)(D)).  It is true that Plaintiff has one brief in

24  which to present their argument that the ALJ's decision was in error, and that presenting many

25  arguments may have been necessary.  However, as this Court and both parties have recognized,

26  many of Plaintiff's arguments strayed away from the law, into ad hominem attacks on Social

27  Security Agency employees.

28  / / /

6

This Court finds that scattershot briefing "with little attempt to focus the case on the strongest grounds for remand" may warrant a reduction in fees.  Franklin v. Colvin, 216 U.S. Dist. LEXIS 102770, *12 (N.D. Cal. 2016).  Based on the number of arguments that this Court found unpersuasive, insulting, or downright puzzling, this case involved scattershot briefing.  See ECF No. 26, 19-23, 25, 30-31, 35-37, 40.  Mr. Weems is requesting a total of $8,061.86 at an hourly rate of $207.78 for preparation of Plaintiff's brief.  For the reasons discussed above, the Court will reduce this amount by $806.19 (10%).

2.    Duplicative Work

Defendant specifically argues that Plaintiff's counsel and his paralegal duplicated work.  Defendant points to 22.5 hours that counsel's paralegal billed for reviewing the record and summarizing the evidence.  See ECF No. 29, 11.  The Commissioner first states that this seems to be excessive on its own and recommends, without explanation, a reduction from 22.5 to 16 hours. Id.  Without further explanation, this argument is unpersuasive.  The administrative record in this case was 1,200 pages long, and 22.5 hours is not an excessive amount of time to review such a record.

Next, Defendant argues that Mr. Weems should not be allowed to be compensated for a further 8.8 hours for duplicating his paralegal's review work.  The billing entries at issue are as follows:

| Time | Date | Description |
| --- | --- | --- |
| 2 X $205.25 | April 29, 2020 | Review Ragnes summary of evidence; review and deconstruct ALJ opinions and analyze for compliance with remand order; research re changes to listings and Commissioner's Fed.Reg Statements re application of same |
| 2.8 X $207.78 | May 21, 2020 | Review summary of administrative record and medical evidence; review ALJ decision and notes; review key documents identified in record summary, e.g., initial and reconsideration opinions, first hearing transcript, first ALJ decision, cited med records. |

7

| 3 X $207.78 | May 24, 2020 | Further review key documents from evidence summary including claimant function reports, third party function reports, opinion evidence, treatment records. |
| 1 X $207.78 | May 27, 2020 | Notes re ALJ errors and issues for summary judgment, review evidence summary and issues memo. |

ECF No. 28-2, 1-2.

The Commissioner cites to <u>Hay v. Berryhill</u>, 2018 U.S. Dist. LEXIS 214500 at *3-4 (E.D. Cal. 2018).  In that case, attorney Weems spent 18 hours reviewing a draft of a motion that paralegal Ragnes completed in 15 hours and indicated "that Mr. Weems was required to essentially redraft, rather than revise, Mr. Ranges's work."  <u>Id.</u> at *3.  Here, the 8.8 hours Mr. Weems spent reviewing the record and Mr. Ranges's work may not indicate the same level of extensive re-writing.  Nonetheless, the summary of evidence prepared by Mr. Ranges should have precluded Mr. Weems from having to review both the record, and Mr. Ranges's summary in such detail.  Even if some of this work was not unnecessarily duplicative, the way that Mr. Weems has billed potentially duplicative and non-duplicative work together—as in the May 21, 2020, billing entry—makes it impossible to determine.

Therefore, This Court finds that 8.8 hours spent by Mr. Weems to essentially re-review the record already summarized by his paralegal is excessive.  Mr. Weems has requested a total of $1,828.46 at a rate of $207.78 per hour for this work.  The Court will reduce this amount by $182.85 (10%).

### 3. Unprofessional Arguments

The Commissioner argues that Mr. Weems should not be entitled to the 19.7 hours billed for "overwrought, if not unprofessional, arguments regarding medical opinion evidence." ECF No. 11, 10.  This argument echoes the government's arguments about special circumstances justifying non-payment which are addressed above.  The high bar for non-payment still has not been met.  Additionally, the Commissioner offers no reason why applying that standard to an individual portion of billing, rather than the requested fees as a whole, should change the result. Additionally, appropriate reductions for the unduly extensive and occasionally meritless

1    argumentation have already been addressed above as well as by counsel himself who had

2    voluntarily reduced his bill.  No further deductions will be made on this basis.

3                    4.     Paralegal Billing Rate

4            While this Court has in various matters awarded a rate of $100 per hour for

5    paralegal services, (see  Lara v. Berryhill, No. 2:16-cv-0034 DB, 2017 WL 4679989, at *3 (E.D.

6    Cal. Oct. 18, 2017); see also Hay, 2018 WL 6700969, at *4; Dittmar v. Berryhill, No. 2:15-cv-

7    1630 DB, 2017 WL 4277590, at *3 (E.D. Cal. Sept. 27, 2017)), Plaintiff's requested rate here of

8    $130. per hour is not excessive or unreasonable under the circumstances. Plaintiff's counsel has

9    billed 28.8 hours at a rate of $130.00 per hour for his paralegal Mr. Ragnes.  See ECF No. 28-2,

10    1-3.  This Court has examined Mr. Ragnes's education and experience, including his law degree,

11    and finds that $130.00 per hour is appropriate.

12

13                           **III.  CONCLUSION**

14            Plaintiff's counsel's motion requests payment of EAJA fees directly to counsel.

15    Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government

16    may offset the payment with the plaintiff's debt.  See Astrue v. Ratliff, 560 U.S. 586, 598 (2010).

17    Since the decision in Ratliff, many courts in this district have authorized payment of fees under

18    the EAJA directly to Plaintiff's counsel.  See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS

19    172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D.

20    Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011).  These payments directly to

21    counsel are based upon the government's discretionary ability to reject assignment of any claims

22    against it to third parties under the Anti-Assignment Act.  See United States v. Kim, 806 F.3d

23    1161, 1169-70 (9th Cir. 2015).  This discretionary ability to reject assignment of claims "applies

24    to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d

25    1000, 1011 (N.D. Cal. 2015).  Mr. Weems has furnished his agreement with Plaintiff providing

26    that he be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by

27    Plaintiff.   Because the government has not challenged this assignment, may still offset any of

28

1  Plaintiff's debt, and may discretionarily reject the assignment, EAJA fees will be made payable to
2  counsel.

3      Counsel has requested a total award of $18,554.57.  As discussed above, the Court
4  imposes the following reductions: (1) $806.19 for excessive brief; and (2) $182.85 for duplicative
5  work.  The total amount of the reduction is $989.04, for a total amount being awarded of
6  $17,565.53.

7      Accordingly, IT IS HEREBY ORDERED as follows:

8      1.      Plaintiff's motion for an award of fees under the EAJA, ECF No. 28, is
9  GRANTED in part.

10     2.      Plaintiff is awarded $17,565.53, payable to Plaintiff's counsel subject to
11  any offset of debts.

12

13  Dated:  February 1, 2024

14                                             _____
15                                             DENNIS M. COTA
                                               UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28